**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| MICHAEL C. WORSHAM,<br><br>    Plaintiff,<br><br>    vs.<br><br>EMILY'S LIST, and GORDON AND SCHWENKMEYER, INC.,<br><br>    Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendants Gordon and Schwenkmeyer, Inc. ("GSI") and EMILY's List (collectively, "Defendants") hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Circuit Court for Baltimore County, Maryland, to the United States District Court for the District of Maryland. This action is removable pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice of Removal, GSI alleges as follows:

## BACKGROUND

1. On or about November 8, 2018, plaintiff Michael C. Worsham ("Plaintiff") commenced the underlying state court action, captioned <u>Michael C. Worsham v. EMILY's List, et al.</u>, Case No. 03-C-18-011220 (the "State Court Action"), by filing a Complaint in the Circuit Court for Baltimore County, Maryland (the "Complaint").

2. Defendant GSI received a copy of the Complaint on November 26, 2018, by service through certified mail.

3. Defendant EMILY's List received a copy of the Complaint on November 26, 2018, by service through certified mail.

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendants from the State Court Action are attached hereto as follows: a copy of the Civil Non-Domestic Case Information Report is attached hereto as **Exhibit A**; a copy of the Complaint is attached hereto as **Exhibit B**; and a copy of the Summons is attached hereto as **Exhibit C**.

5. Plaintiff asserts two causes of action against Defendant EMILY's List: Count I – "Calling/Texting a wireless number without prior express consent," in violation of the Federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii) (and the related Federal Communications Commission ("FCC") regulation at 47 C.F.R. § 64.1200(a)(1)(iii)); Count II – "TCPA and FCC violation which also violate Maryland's TCPA" ("MD-TCPA"), codified at Md. Code Ann., Comm. Law §§ 14-3201 to -3202.

6. Plaintiff also asserts five causes of action against Defendant GSI: Count III – "Failing to transmit the telemarketer's number and name to Caller ID," in violation of 16 C.F.R. § 310.4(a)(8) and MD-TCPA, Comm. Law §§ 14-3201 to -3202; Count IV – "Interfering with the National Do Not Call List Registry," in violation of 16 C.F.R. § 310.4(b)(1)(iii) and MD-TCPA, Comm. Law §§ 14-3201 to -3202; Count V – "Failing to disclose truthfully, promptly and clearly the seller's identity," in violation of 16 C.F.R. § 310.4(d)(1) and MD-TCPA, Comm.

Law §§ 14-3201 to -3202; Count VI – "Failing to honor a do not call request," in violation of 16 C.F.R. § 310.4(b)(1)(iii) and MD-TCPA, Comm. Law §§ 14-3201 to -3202; and Count VII – "Abandoning an outbound telephone call," in violation of 16 C.F.R. § 310.4(b)(1)(iv) and MD-TCPA Comm. Law §§ 14-3201 to -3202.

7. Based on the allegations of the Complaint and for the reasons discussed below, Defendants timely remove the State Court Action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1441(a).

8. Neither GSI nor Emily's List has entered an appearance, filed a responsive pleading, or otherwise responded in the State Court Action.

## BASIS FOR FEDERAL QUESTION JURISDICTION AND REMOVAL

9. Under 28 U.S.C. § 1331, the district courts have original jurisdiction over all civil actions arising under the laws of the United States.

10. This Court has original jurisdiction over Count I of Plaintiff's Complaint, pursuant to 28 U.S.C. § 1331, because it arises under federal law, namely, the TCPA, 47 U.S.C. § 227, *et seq.*, and the related FCC regulation codified at 47 C.F.R. § 64.1200(a)(1)(iii).

11. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

12. On January 18, 2012, the United States Supreme Court unanimously held in *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386–87 (2012), that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

13. Further, the Court held that the TCPA's grant of concurrent jurisdiction did not deprive defendants from removing TCPA claims filed in state court to federal court. *See id*. at 386 n.15 (stating that "[w]hen Congress wants to make federal claims instituted in state court nonremovable, it says just that").

14. With respect to Plaintiff's causes of action under state law, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because they arise out of the same operative facts as Plaintiff's federal law claim and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

15. Because at least some of Plaintiff's alleged rights to relief arise under the laws of the United States, removal of the entire State Court Action is appropriate under 28 U.S.C. § 1441.

## DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

16. The Notice of Removal is timely under 28 U.S.C § 1446(b) because Defendants were not served with the Summons and Complaint until November 26, 2018, and Defendants are filing this Notice of Removal within thirty (30) days of service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding that the thirty (30) day removal period does not begin to run until defendant is formally served).

17. Defendants have not filed responsive pleadings in the State Court Action.

18. Venue is proper in this District under 28 U.S.C. § 1446(a) because this District embraces the place where the removed action is pending.

19. In accordance with 28 U.S.C. § 1446(a) and L.R. 103.5.a, all process, pleadings, documents and orders served on GSI in the State Court Action are annexed to this Notice of Removal as **Exhibits A–C**.

20. The other defendant in this action, EMILY's List, has consented to the removal of this action. A true and correct copy of the consent to removal by EMILY's List is attached hereto as **Exhibit D**.

21. Pursuant to 28 U.S.C. § 1446(d), GSI will give Plaintiff and EMILY's List written notice of the filing of this Notice of Removal and shall promptly file the written Notice of Removal with the Clerk of the Circuit Court for Baltimore County, Maryland. A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit E** (without attachments). This Notice of Removal is signed and filed pursuant to Fed. R. Civ. P. 11.

WHEREFORE, GSI respectfully removes the State Court Action from the Circuit Court for Baltimore County, Maryland, to the United States District Court for the District of Maryland, Northern Division and requests that this action proceed in this Court as an action properly removed.

Dated:  December 26, 2018                                  Respectfully submitted,

                                                  */s/ Megan B. Burnett*
Linda V. Donhauser (Bar. No. 06783)
Megan B. Burnett (Bar. No. 07677)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202
Tel: (410) 385-3725
ldonhauser@milesstockbridge.com
mburnett@milesstockbridge.com

*/s/ Salvatore Picariello*
Salvatore Picariello (*Pro Hac Vice to be submitted*)
FORTIS LLP
650 Town Center Drive, Suite 1530
Costa Mesa, CA 92626
Tel: (714) 418-5837
spicariello@fortislaw.com

*Attorneys for Defendant Gordon & Schwenkmeyer, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of December, 2018, I caused the foregoing Notice of Removal and exhibits to be sent via first-class mail, postage pre-paid, to:

> Michael C. Worsham
> 1916 Cosner Road
> Forest Hill, Maryland 21050
>
> *Plaintiff, pro se*
>
> Graham M. Wilson
> K'Shaani Smith
> Perkins Coie LLP
> 700 13th Street, N.W., Suite 600
> Washington, D.C. 20005-3960
> Phone: (202) 654-1785
> Fax: (202) 654-9569
> Email: GWilson@perkinscoie.com
> Email: KShaaniSmith@perkinscoie.com
>
> *Attorneys for Defendant EMILY's List*

> */s/ Megan B. Burnett*
> Megan B. Burnett (Bar. No. 07677)